Filed 1/29/25  P. v. Williams CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>TED BRANDON WILLIAMS,<br><br>  Defendant and Appellant. | A172259<br><br>(San Bernardino County<br>Super. Ct. No. FWV23001194) |

**MEMORANDUM OPINION**

A jury convicted Ted Brandon Williams of second degree robbery, finding true an allegation that he personally used a deadly and dangerous weapon — a knife — in the commission of the crime.[1]  On appeal, he argues insufficient evidence supported the robbery conviction and deadly weapon enhancement.  We disagree and affirm.

On a 2023 night, Williams walked into a liquor store, took a bottle of whiskey from a refrigerated unit, put it in the "front kangaroo pouch" of his sweatshirt, and walked out.  A video of the incident depicted a knife in his hand.  Two employees — Jose M. and Marcos S. — pursued and confronted

---

[1] We resolve this case by memorandum opinion, including only necessary facts.  (Cal. Stds. Jud. Admin., § 8.1; *People v. Garcia* (2002) 97 Cal.App.4th 847, 851.)  The California Supreme Court transferred this matter from the Court of Appeal for the Fourth Appellate District to the First Appellate District on January 15, 2025.

1

him just outside the store. He took a "fighting stance" when Jose yelled at him to return the bottle. He replied, " 'or what?' 'What's going to happen if I don't?' " Jose was not afraid, but Marcos noticed Williams had "his fingers wrapped around what would be the handle portion of [a] knife and about one and a half inches of what would be the tip portion of the knife protruding from his hand and resting on his right thumb." Fearing Williams would stab Jose, Marcos pulled Jose inside the store. Williams remained in a fighting stance until the employees retreated inside, and then he "took off." Marcos told Jose about the knife. Police detained Williams less than one mile from the store, finding him in possession of a cold bottle of whiskey and a knife. Jose and Marcos identified him in the field as the person who stole the bottle.

A jury convicted Williams of second degree robbery and found true the allegation that he used a deadly and dangerous weapon in the commission of the robbery. (Pen. Code, §§ 211, 12022, subd. (b)(1); undesignated statutory references are to this code.) The trial court also found true that he had four prior strike convictions, and it sentenced him to 25 years to life in prison. It dismissed the deadly weapon enhancement but denied his motion to dismiss the prior strikes.

Williams argues there was insufficient evidence he used force or fear to take the property or to prevent resistance, thus his conviction for robbery should be reversed. He also contends there was insufficient evidence he displayed the knife in a menacing manner, requiring reversal of the deadly weapon enhancement. Neither argument persuades us.

"In evaluating a claim regarding the sufficiency of the evidence, we review the record 'in the light most favorable to the judgment below to determine whether it discloses substantial evidence—that is, evidence which is reasonable, credible, and of solid value—such that a reasonable trier of fact

2

could find the defendant guilty beyond a reasonable doubt.' " (*People v. Westerfield* (2019) 6 Cal.5th 632, 712.) " 'We presume in support of the judgment the existence of every fact the trier of fact reasonably could infer from the evidence. [Citation.] If the circumstances reasonably justify the trier of fact's findings, reversal of the judgment is not warranted simply because the circumstances might also reasonably be reconciled with a contrary finding.' " (*Id.* at pp. 712–713.) Given these principles, "a 'defendant bears an enormous burden in claiming there is insufficient evidence' to support a conviction." (*People v. Wear* (2020) 44 Cal.App.5th 1007, 1020.)

First, to obtain a robbery conviction, the prosecution must prove "the defendant used force or fear to take the property or to prevent the person from resisting." (*People v. Scott* (2009) 45 Cal.4th 743, 749.) Williams contends there was insufficient evidence of such. Not so. Among other things, fear includes the "fear of an unlawful injury to the person" or "of an immediate and unlawful injury to . . . anyone in the company of the person robbed at the time of the robbery." (§ 212.) Marcos testified he saw a knife in Williams's hand, was scared Williams would stab Jose, and pulled Jose away to prevent that from happening. After they retreated, Williams "took off" with the bottle. Williams argues Marcos's fear was "inadvertent because [Williams] did not intentionally intimidate anyone" and "did everything possible to hide the knife from the view of the two store clerks." We disagree. The fact that the evidence could be " 'reconciled with a contrary finding' " does not warrant a different outcome. (*People v. Westerfield*, *supra*, 6 Cal.5th at p. 713.) The record discloses substantial evidence of Williams's use of fear to take the property or prevent resistance. Given our conclusion, we do not

address the Attorney General's alternate argument that Williams used force by taking a fighting stance while holding a knife.

Next, to find the deadly weapon allegation true, the jury had to conclude Williams " ' "intentionally displayed in a menacing manner or struck someone with an instrument capable of inflicting great bodily injury or death." ' " (*People v. Beck and Cruz* (2019) 8 Cal.5th 548, 630.)  He argues there was insufficient evidence he displayed the knife in a menacing manner. Again, we disagree.  The jury saw a video on which he could be seen holding a knife while in the store.  Marcos testified that, when confronted outside by the employees, Williams took a "fighting stance," with a knife in his hand, and its blade protruding.  Williams's conduct caused Marcos to be afraid. Urging reversal, Williams contends "he did his best to keep [the knife] hidden," and it "was neither brandished nor displayed" to the employees. This misapprehends our role on appeal.  Substantial evidence supports the jury's determination that Williams intentionally displayed the knife in a menacing manner, and the fact that " 'the circumstances might also reasonably be reconciled with a contrary finding' " does not warrant reversal. (*People v. Westerfield*, *supra*, 6 Cal.5th at p. 713.)

## DISPOSITION

The judgment is affirmed.

4

_____

RODRÍGUEZ, J.

WE CONCUR:


_____

TUCHER, P. J.


_____

PETROU, J.

A172259; *People v. Williams*